UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

WILSON JOSUE NAVARRO SEGURA,

Petitioner,

v.                                                                    No. 6:26-CV-00156-H

WARDEN, EDEN DETENTION
CENTER,

Respondent.

## ORDER

Before the Court is Petitioner Wilson Josue Navarro Segura's pro se emergency

motion for temporary restraining order.  Dkt. No. 2.  He asks for immediate release or an

individualized bond hearing.  *Id.*  As explained below, the motion is denied.

### 1.    Legal Standards

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining

orders and injunctions.  A temporary restraining order, or TRO, is "simply a highly

accelerated and temporary form of preliminary injunctive relief."  *Hassani v. Napolitano*,

No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009).  Thus, the party

seeking a TRO or preliminary injunction must satisfy the same four-factor standard for

preliminary injunctive relief.  *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D.

Tex. 2021).  The party seeking relief must show (1) a substantial likelihood of success on the

merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the

movant's favor; and (4) issuing the injunction will not disserve the public interest.  *Daniels*

*Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

## 2.    Analysis

First, Petitioner seeks relief on an emergency basis, but he has not met the requirements for emergency relief. He did not include a declaration under penalty of perjury, nor did he allege specific facts that clearly show a threat of immediate and irreparable injury. Thus, he is not entitled to relief without giving respondent the opportunity to be heard.

Next, and in any event, Petitioner's request must be denied because he seeks the same relief sought in his petition. "The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17,

– 2 –

2022); *See also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (explaining that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer"). Thus, the Court cannot give Petitioner "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Petitioner's motion appears to request the same relief sought in his habeas petition. *See* Dkt. No. 1.  Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025).  But the ultimate relief he seeks in his amended petition is also immediate release from custody or an emergency individualized bond hearing.  *See* Dkt. No. 1 at 7.  Because the preliminary relief sought in the motion improperly seeks the same ultimate relief requested in the petition, the motion for immediate release is denied.

This habeas petition remains pending, and the Court will enter a separate order requiring an answer from the respondent and setting a briefing schedule.

So ordered on April 15, 2026.

James Wesley Hendrix
United States District Judge